# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**THOMAS R. LAWRENCE, #06606-068,**

    Petitioner,

                                  Civil No: 06-CV-12874
                                  Honorable John Corbett O'Meara

**v.**

**FEDERAL BUREAU OF PRISONS, et. al.,**

    Respondent.

___

## OPINION & ORDER DISMISSING HABEAS PETITION

### Introduction

Petitioner, Thomas R. Lawrence, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner challenges the actions of the Federal Bureau of Prisons (BOP). He alleges that BOP representatives have unlawfully found him guilty of violating prohibited acts, which has resulted in delaying his opportunity for immediate placement and transfer into a community corrections center (CCC). For the reasons set forth below the Court dismisses the habeas petition as moot since there is no longer any case or controversy between the parties. The Court will also deny Petitioner's motion for injunctive relief and motion for an immediate ruling as they are moot.

### Discussion

A court may *sua sponte* raise the question of jurisdiction. *Berger v. Cuyahoga County Bar Association,* 983 F.2d 718, 721 (6th Cir. 1993). The Court, in this case, *sua sponte* raises the issue of mootness. See *Medberry v. Crosby,* 351 F.3d 1049, 1054, n.3 (holding that, because mootness "strik[es] at the heart of federal subject matter jurisdiction" it may be raised *sua sponte*). Article III,

§2 of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This case or controversy requirement means that, throughout the litigation, the plaintiff "must have suffered or be threatened with an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp,* 494 U.S. 472, 477 (1990).

The BOP maintains an Inmate Locator Service which enables the public to track the location of federal inmates. The Court is permitted to take judicial notice of information on the Inmate Locator Service. *Chukwuemeka v. Hogsten,* No. 05-2531, 2006 WL 42175, n. 2 (M.D. Pa. Jan. 6, 2006); *Meador v. O'Brien,* No. 04-224, 2005 WL 2133598, *4 (E.D. Ky. Aug. 31. 2005). The Inmate Locator Service indicates that while this matter was pending, Petitioner was projected to be released into CCC custody on March 15, 2007 and was in fact released from the CCC on September 14, 2007.

The relief Petitioner seeks in his habeas petition is an order from the Court requiring the BOP to immediately transfer him to a CCC and to cease prejudicing Petitioner's opportunity to be considered for CCC placement in a more timely manner. Because Petitioner has been afforded the relief sought in his petition, the Court concludes that there remains no actual injury which the Court would redress with a favorable decision. Accord *Elwood v. Sanders,* 152 Fed. Appx. 558 (8th Cir. Nov. 2, 2005) (unpublished) (holding that petitioner's release pending appeal rendered moot the challenge to BOP's policy preventing his transfer to a CCC); see also *Chhibba v. Fed. Bureau of Prisons,* 154 Appx. 279 (3d Cir. Oct. 19, 2005).

**Conclusion**

Accordingly,

IT IS ORDERED that Petitioner's "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241"[Doc. #1-1, filed June 29, 2006] is DISMISSED with prejudice.

IT IS FURTHER ORDERED that Petitioner's "Motion for Preliminary Injunction and Temporary Restraining Order" [Doc. #4-1, filed September 7, 2006] is **DENIED** as **MOOT.**

IT IS FURTHER ORDERED that Petitioner's "Motion for Immediate Ruling in Favor of Petitioner" [Doc. #5-1, filed March 15, 2007] is **DENIED** as **MOOT.**

s/John Corbett O'Meara
United States District Judge

Dated: September 21, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 21, 2007, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager